IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.                                     Case No. 22-20055-01-DDC

**MOHAMMAD RAFI**,

    Defendant.

_____

## MOTION FOR DESIGNATION AS COMPLEX CASE

The United States, by and through undersigned counsel, respectfully requests this Court designate this case as complex for the purpose of calculating deadlines under the Speedy Trial Act. In support of this request, the United States provides the following.

1. Defendant, through counsel Tim Burdick joins in the request for this complex designation.

2. Defendant is charged in a single-count indictment with making a false statement as part of his application for a national security position with the Department of Defense.

3. When calculating deadlines under the Speedy Trial Act, this Court should exclude any period of delay resulting from any continuance required in the

interest of justice. *See* 18 U.S.C. § 3161(h)(7)(A). Such exclusions require that the Court find that the interests of justice outweigh the best interest of the public and the defendants in a speedy trial. *Id*.

4.  Although delay resulting from a continuance granted by the district court is not automatically excluded from the Speedy Trial Act's 70-day time limit under 18 U.S.C. § 3161(h)(1), subsection (h)(7) provides "[m]uch of the Act's flexibility," *Zedner v. United States*, 547 U. S. 489, 498 (2009), and gives district courts "discretion . . . to accommodate limited delays for case-specific needs," *id*., at 499. Delay granted under the ends-of-justice exception may be excluded if the district court makes the findings required by 18 U.S.C. 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1357-58 (2010).

5.  Several factors should be considered in deciding whether to grant an ends-of- justice continuance under subsection (h)(7)(A), including "[w]hether the failure to grant such a continuance in the proceeding would ... result in a miscarriage of justice," and

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. §§ 3161(h)(7)(B)(i) and (ii).

6.      The following aspects of this case render it sufficiently complex that it cannot be fairly tried within the seventy-day period generally mandated by the Speedy Trial Act.

a.      The parties submitted a proposed Protective Order regarding discovery in this case, which identified unique aspects of the discovery that will require additional time and attention beyond what is normally encountered in routine federal criminal cases.

b.      The discovery includes more than one hundred hours of audio recordings. Most of those conversations are in a dialect with limited translators available in the United States. While draft written summaries of most of the recordings are contained in the discovery, significant time will be required for the defense to translate, review, and evaluate those recordings.

c.      Similarly, the discovery includes thousands of pages from Facebook accounts and other sources, which are written in a foreign language. Again, draft summaries of some of these communications are contained in the discovery, but many hours will be required for the defense to translate, review, and evaluate the materials.

d.      The government anticipates it will file pleadings under the Classified Information Procedures Act, 18 U.S.C. Appx. 3 (CIPA). Any such filing will require additional evaluation and consideration of the discovery in

this case, as required by CIPA. CIPA provides another layer of complexity and legal issues not regularly present in federal criminal prosecutions that will necessitate additional research and processes before trial may commence.

  e. Some of the witnesses in this case may be residents of Afghanistan. Investigation by the defense team involving such witnesses would be difficult and time-consuming.

  7. Defense counsel consulted with his client, who understands the implication of this motion for his rights to a speedy trial. Defendant does not object to the designation of this case as complex and the commensurate tolling or exclusion of the Speedy Trial Act time.

As such, the parties request that this Court designate this case as complex for the purpose of calculating deadlines under the Speedy Trial Act.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney

s/ Scott C. Rask
Scott C. Rask
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)

Scott.Rask@usdoj.gov
Kan. S. Ct. No. 15643

CERTIFICATE OF SERVICE

I certify that on December 16, 2022, I electronically filed this Motion for Complex Designation with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Tim Burdick
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas 66101
(913) 551-6943
Tim_Burdick@fd.org
Attorney for defendant

 s/ Scott C. Rask
Scott C. Rask, #15643
Assistant United States Attorney