```
 1                      UNITED STATES DISTRICT COURT
                             DISTRICT OF KANSAS
 2


 3
    UNITED STATES OF AMERICA,
 4                                          Case No. 22-20055
        Plaintiff,
 5
        v.
 6                                          Kansas City, Kansas
    MOHAMMAD RAFI, also known as
 7  Mohammad Rafi Mohammadi,              Date:  December 30, 2024
                                          Time:  10:14 a.m.
 8      Defendant.
    ...................................
 9


10

                      TRANSCRIPT OF CHANGE OF PLEA HEARING
11
              BEFORE THE HONORABLE DANIEL D. CRABTREE
12                 UNITED STATES DISTRICT COURT JUDGE


13


14  APPEARANCES:

15  For the Plaintiff:     Scott C. Rask
                           United States Attorney's Office
16                         500 State Avenue
                           Suite 360
17                         Kansas City, KS 66101

18
    For the Defendant:     Tim H. Burdick
19                         Office of Federal Public Defender
                           500 State Avenue
20                         Suite 201
                           Kansas City, KS 66101
21

22

23

24  _____
         Proceedings recorded by machine shorthand, transcript
25         produced by computer-aided transcription.
```

1          (Court called to order.)

2          THE COURT:  All right.  This is 22-20055.  It is

3    captioned the *United States of America against Mohammad Rafi.*

4    Your appearances please starting with the United States.

5          MR. RASK:  May it please the court, Scott Rask.

6          THE COURT:  Good morning, Mr. Rask.

7          And for Mr. Rafi.

8          MR. BURDICK:  Tim Burdick on behalf of Mr. Rafi.

9    Mohammad Rafi appears in person.

10          THE COURT:  This is noticed on the docket as a change

11    of plea hearing.  Mr. Burdick, it's my understanding that your

12    client plans to plead guilty to the only charge in the

13    indictment and he does do so without a plea agreement.  Am I

14    right about that?

15          MR. BURDICK:  That's correct, judge.

16          THE COURT:  Then can I invite the both of you to come

17    to the lectern so I can question Mr. Rafi about his intentions?

18          MR. BURDICK:  Yes.

19          THE COURT:  Mr. Rafi, if you will please raise your

20    right hand to accept the oath from the deputy clerk.

21      (Defendant sworn.)

22          THE COURT:  Thank you, Ms. Garrett.

23          Sir, can I ask you to say your full name for us?

24          THE DEFENDANT:  I cannot hear you well; I have a

25    hearing problem.

1        MR. BURDICK:  I don't know that he necessarily needs
2  the assistance.  It's just that --
3        THE COURT:  I need to speak up?
4        MR. BURDICK:  If you can, judge.
5        THE COURT:  I will.  I didn't remember that.  Thank
6  you very much.
7        First of all, Mr. -- will you just say your name for
8  us?
9        THE DEFENDANT:  Yes.
10        MR. BURDICK:  Your name.
11        THE DEFENDANT:  Mohammad Rafi.
12        THE COURT:  And did you understand the oath you just
13  took?  Could you hear it?
14        THE DEFENDANT:  Yes, yes.  Yeah, I hear it.
15        THE COURT:  And I'm supposed to tell you that that
16  oath, and I will tell you now, it imposes on you a legal
17  obligation, and it obligates you to give truthful answers and
18  only truthful answers to the questions you ask.
19        THE DEFENDANT:  Okay.
20        THE COURT:  Do you understand that?
21        THE DEFENDANT:  Yes.
22        THE COURT:  I also am required to tell you that if you
23  were to violate that oath, it might give the prosecutor a
24  reason to charge you with a new crime such as perjury.  Do you
25  understand that as well?

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Mr. Rafi, your -- your -- your counsel
 3    told me that you wish to plead guilty to the charge against you
 4    in the indictment.  I have a series of questions about that
 5    decision.  It will take 25 minutes or so.  I want to make sure
 6    you know what you're doing today, you're thinking clearly,
 7    you've thought carefully about this decision, and you've
 8    consulted closely with your attorney.  That's the reason for
 9    all the questions.
10              Any time you wish to stop and talk to your lawyer, you
11    can do so, and all you have to do is just tell me stop.  You
12    two can step away from the microphone and talk with one
13    another.  Will you let me know if you wish to do that?
14              THE DEFENDANT:  Okay.
15              THE COURT:  I didn't hear you.
16              THE DEFENDANT:  Sorry?
17              MR. BURDICK:  He means to hear if you agree.
18              THE DEFENDANT:  Yes, sir.
19         (Court reporter interruption.)
20              THE COURT:  All right.  Very well.
21              Yeah, she needs to hear you and I need to hear you.
22    And I'll -- if you can't ever -- if there comes a time you're
23    not hearing or understanding me, just raise your hand and I'll
24    know to start over.
25              THE DEFENDANT:  Thank you, sir.
```

```
1              THE COURT:  Sir, can you tell me how old you are?
2              THE DEFENDANT:  Thirty-seven years old.
3              THE COURT:  And do you speak English fluently?
4              THE DEFENDANT:  Sorry?
5              THE COURT:  Do you speak English?
6              THE DEFENDANT:  Yes, I am.
7              THE COURT:  And what's your last or highest level of
8   education?
9              THE DEFENDANT:  High school diploma from Afghanistan
10  and pharmacy degree in Afghanistan and associate degree for --
11  in general science at Johnson County Community College.
12             THE COURT:  Have you ever been treated for any kind of
13  mental health problem?
14             THE DEFENDANT:  No.
15             THE COURT:  Have you ever been treated for drug or
16  alcohol abuse or addiction?
17             THE DEFENDANT:  No.
18             THE COURT:  Are you today under the influence of any
19  kind of drug or alcohol or intoxicant?
20             THE DEFENDANT:  No.
21             THE COURT:  Are you taking any medication or medicine
22  currently?
23             THE DEFENDANT:  No.
24             THE COURT:  Are you thinking clearly today?
25             THE DEFENDANT:  Yeah.
```

```
 1              THE COURT:  Do you know what you're doing?
 2              THE DEFENDANT:  Yes, sir.
 3              THE COURT:  Sir, you were charged in this case by a
 4    piece of paper called an indictment.  Did you get a copy of
 5    that indictment to read?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  And did you read it carefully?
 8              THE DEFENDANT:  Yes.
 9              THE COURT:  Did you go over that indictment carefully
10    with your attorney?
11              THE DEFENDANT:  Yes.
12              THE COURT:  Did you ask him all the questions you have
13    about the charge you face in the indictment?
14              THE DEFENDANT:  No, I don't have.
15              THE COURT:  Let me back up and ask it a different way.
16              Have you had enough time to ask Mr. Burdick all the
17    questions you want to ask him?
18              THE DEFENDANT:  Yes, I have -- did.
19              THE COURT:  Did he answer all those questions?
20              THE DEFENDANT:  Yes, he did.
21              THE COURT:  Were all his answers satisfactory?
22              THE DEFENDANT:  Yes, it was.
23              THE COURT:  Did Mr. Burdick explain the evidence the
24    prosecutor claims he has and would present against you at
25    trial?
```

1          THE DEFENDANT:  Yes, he did.

2          THE COURT:  Did he explain the process your case would

3   follow if you chose to go to trial?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Mr. Rafi, as you may know, you have a

6   constitutional right under the Constitution of the United

7   States to have a jury decide after a full jury trial whether

8   you're guilty or not guilty.  Do you understand you have that

9   right?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Has Mr. Burdick explained the process that

12  will be used to determine your sentence in this case if you do

13  plead guilty today?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Have you and he talked about the United

16  States Sentencing Guidelines?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Did he explain the role those guidelines

19  play in the sentencing process?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Has Mr. Burdick predicted for you what

22  those guidelines will recommend as your sentence?

23          THE DEFENDANT:  Yes.

24          THE COURT:  And has he also -- has he or anyone else

25  predicted what your actual sentence is going to be?

1          THE DEFENDANT:  Yes.

2          THE COURT:  That's -- makes sense to me.  I need to

3    make sure you understand those are -- those are predictions and

4    not guarantees?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that uncertainty?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Do you understand you might receive a

9    heavier sentence than Mr. Burdick has predicted --

10          THE DEFENDANT:  Yes.

11          THE COURT:  -- you will receive?

12          Sir, the guidelines are not binding on the judge who

13    sentences you.  Here's what I mean by that.  The judge can

14    impose a heavier or a lighter sentence than those guidelines

15    recommend.  Do you understand that as well?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Are you fully satisfied with the way

18    Mr. Burdick has represented you in this case?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Are you fully satisfied with all the legal

21    advice he's given you?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Has anyone ever threatened you to try to

24    get you to plead guilty to something?

25          THE DEFENDANT:  No.

1          THE COURT:  Has anyone ever tried to force you to

2    plead guilty to anything?

3          THE DEFENDANT:  No.

4          THE COURT:  Mr. Rafi, I do want to explain some

5    consequences of pleading guilty.  I'll divide them into three

6    categories.  And the first category has to do with your trial

7    right.  A moment ago I told you, and you already knew, that you

8    have a right to have a full jury trial and have a jury decide

9    whether you're guilty of the charge made against you in the

10   indictment.  I now want to tell you a little bit more about

11   that trial.

12         First of all, you would have a right -- you do have a

13   right to be represented by a lawyer at that trial, probably

14   Mr. Burdick, even if you cannot afford to pay a lawyer.

15         THE DEFENDANT:  No.

16         THE COURT:  Before you could be convicted on any

17   charge at that trial, the prosecutor would have to convince all

18   12 members of the jury that he has proved you are guilty beyond

19   a reasonable doubt.

20         In addition, you would be presumed innocent at the

21   trial.  So I would tell the jury on the first day of your trial

22   that the prosecutor must prove that you are guilty beyond a

23   reasonable doubt.

24         In addition, the jury's verdict would have to be

25   unanimous, meaning all 12 members of the jury would have to

1    agree on the verdict.

2              Finally, you would have the right at this trial to

3    come to the witness chair and testify in your own defense if

4    that's what you wish to do.

5              THE DEFENDANT:  Yeah.

6              THE COURT:  And you would have an equal right to

7    refuse to testify and possibly incriminate yourself, and you

8    and you alone would control that decision.

9              So, Mr. Rafi, all of these things I've just described,

10   they are features of the jury trial you're entitled to have in

11   this case.  Do you understand them?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Do you understand that all those

14   procedures would apply to you and to your trial in this case?

15             THE DEFENDANT:  Yes.

16             THE COURT:  If you do plead guilty, there won't be a

17   trial because you would have pleaded guilty.  So here's the

18   question that I've been leading up to.  Do you understand that

19   by pleading guilty you'll be giving up your right to have a

20   trial, a jury trial in your case?

21             THE DEFENDANT:  Yes.

22             THE COURT:  And is that what you wish to do?

23             THE DEFENDANT:  Yes.  Yes.

24             THE COURT:  Are you a citizen of the United States?

25             THE DEFENDANT:  Sorry?

1    THE COURT:  Are you a citizen of the United States?

2    THE DEFENDANT:  Yes.

3    THE COURT:  You, as a citizen, hold important civil

4    rights.  These are things like the right to vote, the right to

5    serve on a jury, the right to own and possess a gun and other

6    civil rights.  If you plead guilty today to the charge in

7    Count 1, you stand to lose those civil rights and possible

8    other important civil rights as well.  Do you understand that?

9    THE DEFENDANT:  Yes.

10   THE COURT:  Mr. Rafi, I want to make sure you know

11   what the maximum sentence is you can receive under the charge

12   in Count 1 if you do plead guilty to it.  I'm going to ask the

13   prosecutor to announce that maximum sentence right now.  I ask

14   you to listen to him carefully.

15   THE DEFENDANT:  Okay.

16   THE COURT:  Mr. Rask.

17   MR. RASK:  Yes, Your Honor.  Punishable by a term of

18   imprisonment of not more than five years, a term of supervised

19   release of not more than three years, a fine not to exceed

20   $250,000, and mandatory special assessment of $100.

21   THE COURT:  Thank you.

22   Mr. Rafi, that is the maximum sentence you could

23   receive if you plead guilty to this charge.  Do you understand

24   what that maximum sentence is?

25   THE DEFENDANT:  Yes.

1          THE COURT:  I'm not telling you that you are going to

2    receive the maximum sentence, but I am telling you that under

3    the law you could receive that maximum sentence.

4          THE DEFENDANT:  Yes.

5          THE COURT:  Do you understand that?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Mr. Rafi, I don't know whether you will be

8    sentenced to serve time in prison.  But if you are sentenced to

9    serve time in prison, you actually will serve that.  You will

10   not get out early on parole or something like that.  Do you

11   understand that as well?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Mr. Burdick, has Mr. Rafi helped you

14   prepare a petition to enter plea of guilty?

15         MR. BURDICK:  Yes, judge.

16         THE COURT:  And has he signed that petition?

17         MR. BURDICK:  He has not signed it yet, judge.

18         THE COURT:  All right.  If he wishes to plead guilty

19   today, I'd ask him to sign it now.

20         Mr. Rafi, your attorney has handed me this document.

21   It's called Petition to Enter Plea of Guilty.  Have you gone

22   over that petition with your attorney?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Did you read it carefully?

25         THE DEFENDANT:  Yes.

1          THE COURT:  And are all the statements in this

2     petition true and correct statements?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Near the end of this petition on page 5,

5     there's a place where your name is typed.  It looks like

6     there's a signature above your name.  Is that your signature?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And did you sign this petition to confirm

9     that all these statements in this petition are indeed true and

10    correct statements?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Mr. Burdick, I understand that you had

13    asked to handle the matter of the factual basis.  Can I hear

14    from you about that requirement?

15         MR. BURDICK:  Certainly, judge.  Judge, and I know

16    that the government has filed a document this morning that is

17    entitled Factual Basis, that is the evidence they would expect

18    to present at trial if this case were to go to trial.

19         As you pointed out, there's not an agreement in this

20    case, and therefore we don't -- we are not adopting the

21    government's factual basis listed in their document.  However,

22    I will ask Mr. Rafi a series of questions that I'm confident

23    will establish a factual basis for a guilty plea to Count 1 of

24    the indictment.

25         THE COURT:  Very well.

1           MR. BURDICK:  Mr. Rafi, I'm going to ask you some

2    questions about prior behavior.  Would you agree that on

3    January 24th of 2018, you requested a phone number from your

4    brother that the government refers to as -- or for a person

5    that the government refers to as Individual No. 1?

6           THE DEFENDANT:  Yes.

7           MR. BURDICK:  And you know who Individual No. 1 is;

8    correct?

9           THE DEFENDANT:  Yes.

10          MR. BURDICK:  Okay.  And then on April -- in April of

11   2018, you agree that you directed your brother to give $400

12   that you had sent to him by Western Union to Individual No. 1?

13          THE DEFENDANT:  Yes.

14          MR. BURDICK:  You agree that in that sense in what we

15   just talked about you had associated with Individual No. 1?

16          THE DEFENDANT:  Yes.

17          MR. BURDICK:  On July 24th of 2019, you agree that you

18   reposted videos on Facebook that referenced the arrest of

19   Individual No. 1 for recruiting members for ISIS-K?

20          THE DEFENDANT:  Yes.

21          MR. BURDICK:  And you would agree at that point you

22   were aware of the government's understanding and of his

23   connection to ISIS-K?

24          THE DEFENDANT:  Yes.

25          MR. BURDICK:  And you would agree that the United

1    States government at that time considered ISIS-K a terrorist

2    organization?

3              THE DEFENDANT:  Yes.

4              MR. BURDICK:  On August 12th of 2019, you agree that

5    you filled out what's called an SF-86 questionnaire for

6    national security positions as part of an application to be a

7    contract linguist with the United States Department of Defense;

8    correct?

9              THE DEFENDANT:  Yes.

10             MR. BURDICK:  When you filled that document out, you

11   were in the state of Kansas, which is the District of Kansas?

12             THE DEFENDANT:  Yes.

13             MR. BURDICK:  You agree that the Department of Defense

14   is part of a branch of the United States government?

15             THE DEFENDANT:  Yes.

16             MR. BURDICK:  One of the questions that you answered

17   in that questionnaire, the question was, "Have you ever

18   associated with anyone involved in activities to further

19   terrorism?" you agree you answered that question; correct?

20             THE DEFENDANT:  Yes.

21             MR. BURDICK:  And your answer to that question was no;

22   correct?

23             THE DEFENDANT:  Yes.  Yes.

24             MR. BURDICK:  You would agree that at that time that

25   answer, that statement was a knowingly, materially false

1    statement?

2         THE DEFENDANT:  Yes.

3         MR. BURDICK:  And that is because you knew at the time

4    you had associated with someone who was involved in activities

5    to further terrorism; correct?

6         THE DEFENDANT:  Yes.

7         MR. BURDICK:  You agree that you made that statement

8    willfully?

9         THE DEFENDANT:  Yes.

10        MR. BURDICK:  And you would agree that statement was

11   in violation of 18 U.S.C. 1001(a)(2); correct?

12        THE DEFENDANT:  Yes.

13        THE COURT:  Mr. Rask, does the United States have

14   reservations about the sufficiency of the factual basis the

15   court has just heard?

16        MR. RASK:  No, Your Honor.  I would just add that the

17   Individual No. 1 that they referred to is someone that was

18   identified in the complaint that was filed in this case, if

19   that helps give the court additional context.

20        THE COURT:  And the factual basis that the United

21   States has filed, I believe it's been docketed as Document 41,

22   would you want to place that filing in context of what it

23   represents, Mr. Rask?

24        MR. RASK:  Judge, I think that Mr. Burdick with his

25   client went through most of the facts that are in there.  You

1  know, I think probably of some import is on page 3 and clearing

2  into page 4 is the specific designation of ISIS-K as a

3  designated foreign terrorist organization, and then that

4  relates to Individual No. 1 as being someone who was supporting

5  and furthering the efforts of ISIS-K within Afghanistan.

6          Specifically I think Mr. Burdick appropriately walked

7  his client through the specific question in what's known as the

8  e-QIP form that he falsely answered and that his false answer

9  was material, and that he knew at the time he answered that

10  answer on the e-QIP database that it was a false answer that he

11  was providing so that he could secure the contract linguist

12  position that he was seeking.

13          THE COURT:  And I take it that whether the jury would

14  agree with it or not, that the statements in the -- what is

15  called the Plea Factual Basis, now Document 41, is a summary of

16  at least some of the evidence the government would offer at a

17  trial in this case?

18          MR. RASK:  Yes, judge.

19          THE COURT:  All right.  Does either party have

20  remaining reservations about the sufficiency of the factual

21  basis the court has heard?

22          MR. RASK:  No, Your Honor.

23          MR. BURDICK:  No, judge.

24          THE COURT:  All right.  Then I'll move on.  Thank you.

25          Mr. Rafi, I just want to return to a subject we had

1    talked about because it's an important subject.  If you plead

2    guilty today, you will not learn your sentence today.  Do you

3    understand that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  And that sentence will come -- that

6    sentencing decision will be made at a sentencing hearing a few

7    months from now.  Is that the way you thought it would work?

8              THE DEFENDANT:  Yes.

9              THE COURT:  I am probably going to be the judge who

10   decides that sentence, and I want to be very direct about this.

11   I don't have any idea what your sentence is going to be.  Are

12   you aware of that unknown, that uncertainty?

13             THE DEFENDANT:  Yes.

14             THE COURT:  And knowing that uncertainty, do you still

15   wish to plead guilty today to this charge?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Mr. Burdick, do you know of any reason why

18   Mr. Rafi should not plead guilty to the charge in the

19   indictment?

20             MR. BURDICK:  No, judge.

21             THE COURT:  He does have, of course, the right to have

22   me read the indictment aloud during this hearing.  Does he wish

23   for me to do that?

24             MR. BURDICK:  Judge, we've discussed that, and

25   Mr. Rafi would be willing to waive a formal reading of the

1    indictment.

2         THE COURT:  Is that correct, sir?

3         THE DEFENDANT:  Yes.

4         THE COURT:  Mr. Rask, does the United States know of

5    any reason why the court should not accept a guilty plea from

6    this defendant?

7         MR. RASK:  No, Your Honor.

8         THE COURT:  Mr. Rafi, do you still wish to plead

9    guilty today?

10        THE DEFENDANT:  Yep.

11        THE COURT:  Do you have any questions you'd like to

12   stop and ask your attorney?

13        THE DEFENDANT:  Yes.

14        THE COURT:  Please, let's move you away from the

15   microphone so that you two can talk and we won't hear you.

16        THE DEFENDANT:  Okay.

17      (Counsel conferring with defendant.)

18        MR. BURDICK:  Judge, we are ready when you are.

19        THE COURT:  Mr. Rafi, did the short break we just

20   take, did it give you enough time to ask all the questions you

21   wanted to ask Mr. Burdick?

22        THE DEFENDANT:  No -- yes, sir.

23        THE COURT:  You've had enough time to ask him what you

24   wanted to ask?

25        THE DEFENDANT:  Yes.

1       THE COURT:  Did he answer all those -- all those

2 questions satisfactorily?

3       THE DEFENDANT:  Yes, sir.

4       THE COURT:  Do you have any questions you would like

5 to ask me before I ask for your plea?

6       THE DEFENDANT:  No, sir.

7       THE COURT:  All right then, you've told me -- do you

8 still wish to plead guilty?

9       THE DEFENDANT:  Yes.

10       THE COURT:  Then I do ask you:  How do you plead to

11 the charge against you in Count 1 of the indictment, guilty or

12 not guilty?

13       THE DEFENDANT:  Yes.

14       THE COURT:  I need -- I'm asking if you wish -- I'm

15 asking you do you wish to plead guilty to that charge or do you

16 wish to plead not guilty, and I need for you to tell me which

17 one it is.

18    (Counsel conferring with defendant.)

19       MR. BURDICK:  Could we have just a moment, judge?

20       THE COURT:  Of course, I'm not phrasing this very

21 well.

22    (Counsel conferring with defendant.)

23       THE COURT:  Mr. Rafi, I'm asking you how do you -- how

24 do you plead to the charge against you in the indictment in

25 Count 1, guilty or not guilty?

1          THE DEFENDANT:  Yes, guilty, sir.

2          THE COURT:  The court finds that the defendant,

3     Mohammad Rafi, is a mentally competent person.  The court also

4     finds that he was mentally competent at the time he committed

5     the offense charged in Count 1 and during today's hearing.

6          The court is also convinced and does find that the

7     defendant's decision to plead guilty to that charge is an

8     informed, intelligent, knowing and purely voluntary decision

9     that is supported by an independent basis in actual fact that

10    contains every essential element of the offense charged in

11    Count 1 of the indictment.  Therefore, the court accepts the

12    defendant's guilty plea, and, Mr. Rafi, you are now judged

13    guilty on Count 1 of the indictment.

14         The court orders a presentence investigation report,

15    and subject to counsel's availability sets sentencing in the

16    case for April 10th of next year at 1:30 in the afternoon.  Is

17    that date available to counsel?

18         MR. RASK:  Yes, Your Honor.

19         MR. BURDICK:  I believe so, judge.

20         THE COURT:  All right.  We'll plan on the sentencing

21    for April 10th.

22         Mr. Rask, the defendant has now been judged guilty on

23    the charge in the indictment.  I know he has been on release

24    pending trial.  He's now pending sentencing.  What's the

25    government's position about continued release pending

1  sentencing?

2      MR. RASK:  Judge, we have no objection.  This is not a

3  mandatory detention conviction.

4      THE COURT:  And do you have any reason to think he's

5  violated any conditions that have applied to him or that he

6  otherwise represents a risk of flight or a danger to the

7  public?

8      MR. RASK:  Judge, I didn't look through my entire

9  file, but I do not recall probation reporting any violations

10 that he's had for the nearly two years he's been on

11 supervision.  I think that the conditions that are in place are

12 sufficient to address the risk of flight issues that the

13 government has.

14     THE COURT:  All right.  Mr. Burdick, do you want to be

15 heard on this?

16     MR. BURDICK:  Judge, I can just confirm what Mr. Rask

17 has said:  that Mr. Rafi has been on supervision for quite some

18 time and has had no violations whatsoever that I'm aware of.

19 The last time I checked directly with probation, they confirmed

20 that he had been an ideal candidate -- or person on bond.

21     Those conditions have included a curfew, GPS

22 monitoring and restriction to the Internet.  And so they've

23 been quite restrictive, and yet Mr. Rafi has complied

24 completely as far as I'm aware.

25     THE COURT:  All right.  Thank you very much for that

background.

　　　　All right.  The court is convinced and does find that
the defendant, given the conditions he must honor, does not
represent a risk of flight nor a risk of danger to the
community generally or to any particular member in the
community.

　　　　Mr. Rafi, you'll be, thus, allowed to continue on your
release pending your sentencing.  It is important that you
continue to comply with all the conditions that have applied to
you while these charges have been pending.  It's also important
that you are here for your sentencing on April 10th of next
year at 1:30 in the afternoon.  Do you understand that?

　　　　THE DEFENDANT:  Okay, sir.

　　　　THE COURT:  All right.  Counsel, is there anything
else to take up today before we close the record?

　　　　MR. RASK:  No, Your Honor.

　　　　MR. BURDICK:  No, judge.

　　　　THE COURT:  All right.  Thank you for your
cooperation.  We'll go ahead and close the record and be in
recess.

　　　(Proceedings adjourned at 10:43 a.m.)

```
1                              CERTIFICATE

2           I certify that the foregoing is a true and correct

3     transcript from the stenographically reported proceedings in

4     the above-entitled matter.

5           DATE:   January 31, 2025

6

7                         /s/Kimberly R. Greiner
                          KIMBERLY R. GREINER, RMR, CRR, CRC, RDR
8                         United States Court Reporter

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```