IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-20055-01-DDC |
| MOHAMMAD RAFI, | |
| Defendant. | |

**JOINT STATEMENT OF RELEVANT LAW**

The parties, by and through undersigned counsel, submit this agreed statement of relevant law in an effort to aid the Court's evaluation of Mohammad Rafi's Objection No. 5 to the Presentence Investigation Report (PSR). *See* Doc. 49, PSR at ¶ 186. This pleading is intended to provide an agreed upon statement of the law regarding that particular objection and to supplement the parties' respective arguments contained in the PSR. *Id*. at ¶¶ 186-98.

**SUMMARY OF RELEVANT FACTS**

On October 17, 2022, a Complaint was filed that charged Mr. Rafi with making a false statement in violation of 18 U.S.C. § 1001. (Doc. 1, Complaint.) On November 16, 2022, the Grand Jury returned an indictment with the same charge. (Doc. 10, Indictment.)

On December 30, 2024, Mr. Rafi pled guilty, without a plea agreement, to making a false statement in violation of 18 U.S.C. § 1001(a)(2). (Doc. 42, Minutes.) The Probation Office conducted its investigation and filed the PSR, which calculated the offense level as 29, accounting for a 26-level enhancement under U.S.S.G. § 3A1.4(a) and a 3-level reduction for acceptance of responsibility. *See* Doc. 49, PSR at ¶¶ 32-41.

Mr. Rafi objects to the § 3A1.4(a) enhancement. *Id*. at ¶¶ 186-87. Thus, the government must prove the enhancement by a preponderance of evidence. *See United States v. Martinez*, 82 F.4th 994, 1001 (10th Cir. 2023); *United States v. Allen*, 364 F.Supp.3d 1234, 1245 (D. Kan. 2019).

**RELEVANT LAW**

    **A.**    **The Government must prove Mr. Rafi intended to promote a federal crime of terrorism when he committed the offense of making a false statement for the enhancement to apply.**

U.S.S.G. § 3A1.4(a) provides a twelve-level enhancement "[i]f the offense is a felony that involved, or was intended to promote, a federal crime of terrorism." However, if the resulting offense level is less than level 32, the Court is directed to increase the offense level to level 32. In this case, that makes the enhancement 26 levels to reach level 32.

The structure of § 3A1.4 establishes two independent basis for applying the enhancement. The first, not applicable here, applies if the offense of conviction or relevant conduct included a federal crime of terrorism. The second, which is the basis for the Government's assertion for the enhancement, applies "if the offense . . . was intended to promote a federal crime of terrorism." *United States v. Fidse*, 862 F.3d 516, 522 (5th Cir. 2017). "In such cases, 'the terrorism enhancement does not hinge upon a defendant's ability to carry out specific terrorist crimes or the degree of separation from their actual implementation. Rather, it is the defendant's *purpose* that is relevant, and if that purpose is to promote a terrorist crime, the enhancement is triggered." *Id*. (quoting *United States v. Mandhai*, 375 F.3d 1243, 1248 (11th Cir. 2004) (emphasis in original).

In other words, to establish the enhancement, the Government must prove Mr. Rafi had, as one purpose of his commission of the offense of making a false statement, an intent to

promote a federal crime of terrorism.

B.   **The definition of "Federal Crime of Terrorism."**

The Guidelines define "federal crime of terrorism" by reference to 18 U.S.C. § 2332(b)(g)(5), which defines federal crime of terrorism as an offense that "is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct" and is a violation of certain enumerated statutes, including providing material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B.

In other words, "a federal crime of terrorism," consists of two elements: (1) the commission of one of a list of specified felonies; and (2) that the underlying felony was "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct." *United States v. Chandia*, 514 F.3d 365, 375-76 (4th Cir. 2008).

Mr. Rafi pled guilty to making a false statement in violation of 18 U.S.C. § 1001, which is not one of the enumerated provisions in § 2332b(g)(5). This means the government must establish by a preponderance of the evidence that the offense of making a false statement involved, or was intended to promote, a federal crime of terrorism. As such, the government must prove the offense was "calculated" to influence or affect the conduct of the government by intimidation or coercion or was in retaliation against government conduct. The use of the word "calculated" in the definition of federal crime of terrorism, imposes something akin to a specific-intent element. *See United States v. Ansberry,* 976 F.3d 1108, 1127 (10th Cir. 2020).

C.   **For the enhancement to apply, the Government must prove more than just the elements of material support of terrorism under 18 U.S.C. § 2339B.**

The second prong of the definition of "federal crime of terrorism" requires the Court to find a violation of an offense enumerated under § 2332b(g)(5). The enumerated crime, as

3

alleged by the government here, is material support of terrorism in violation of § 2339B. That violation requires the government to prove the defendant (1) knowingly provided material support or resources to a foreign terrorist organization and (2) did so knowing the organization was either designated as a terrorist organization or was engaged in terrorism or terrorist activity. *See Pattern Crim. Jury Instr. 11th Cir*. OI O91.2 (2024). Material support or resources includes property, service, or money. *Id*.

But, to qualify for the U.S.S.G. §3A1.4(a) enhancement, it is not enough for the government to prove by a preponderance of evidence a material support of terrorism violation. The government must also prove Mr. Rafi had the requisite intent to satisfy the definition of federal crime of terrorism, which is more than the intent necessary to establish a violation of the material support statute. *See United States v. Alhaggagi*, 978 F.3d 693, 699 (9th Cir. 2020). "It is possible for a defendant to provide material support to a terrorist group in violation of 18 U.S.C. § 2339B(a)(1) without intending that the support or resources would influence, affect, or retaliate against government conduct to satisfy the first prong of the definition of federal crime of terrorism." *Id*.

> Congress created this distinction in order to punish certain dangerous terrorists more severely than persons who committed non-violent crimes. *See* [*United States v.*] *Tankersley*, 537 F.3d [1100] at 1113 [(9th Cir. 2008)]. Thus, to warrant a substantial increase in punishment pursuant to the terrorism enhancement, a defendant must have the requisite intent necessary to satisfy the definition of federal crime of terrorism, beyond the intent required to establish a violation of the material support statute.

*Id*.

> In cases involving violent acts of terrorism, specific intent is relatively easy to identify, either from the statements or admissions of the defendant or the nature of the offense. But, where the conduct underlying the conviction does not involve violent terrorist acts, as is true in many material support cases, those "acts cannot, standing alone, support application of the terrorism enhancement." [*United States v.*] *Chandia I*, 514 F.3d [365] at 376 [4th Cir. 2008]. In such cases, evidence

beyond the facts underlying the offense conduct must reflect that the defendant had the enhancement's requisite intent.

*Id*. at 701-02.

## CONCLUSION

As the parties understand the application of this enhancement, Mr. Rafi's felony of a false statement must be intended to promote a federal crime of terrorism. The federal crime of terrorism is an offense "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct" and a violation of 18 U.S.C. § 2339B.

RESPECTFULLY SUBMITTED

*s/ Scott C. Rask*
Scott C. Rask
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov
Kan. S. Ct. No. 15643

*s/ D. Christopher Oakley*
D. Christopher Oakley
Assistant United States Attorney
Kan. S. Ct. No. 19248


*s/ Tim H. Burdick*
Tim H. Burdick
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas 66101
(913) 551-6712
(913) 551-6562 (fax)
Tim_Burdick@fd.org
Kan. Ct. No. _____
Counsel for defendant

## CERTIFICATE OF SERVICE

I certify that on June 25, 2025, I electronically filed this Joint Statement with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to those attorneys who have entered their appearance in the matter.

By:  s/Scott C. Rask
       Scott C. Rask, #15643
       Assistant United States Attorney